**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Steed, | No. CV-12-02643-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| BankUnited, | |
| Defendant. | |

On December 11, 2012, Plaintiff Frank Steed filed an action to quiet title to real property located at 1823 West Maddock Road, Phoenix, Arizona, 85086. Doc. 1. Defendant BankUnited filed a motion to dismiss on January 7, 2013. Doc. 3. Plaintiff has failed to respond to the motion to dismiss despite the Court's warning that such a failure could lead to dismissal with prejudice under Rule 41(b). The Court has considered the substance of the motion to dismiss and determined that Plaintiff's suit is barred by *res judicata* and should be dismissed with prejudice.

On August 18, 2009, Plaintiff and his wife filed a state court action against BankUnited and another defendant in Maricopa County Superior Court (Case No. CV2009-053727) claiming breach of contract, tortious interference with the use and enjoyment of property, and wrongful foreclosure. Doc. 3-1 at 49-59. Though no claim was made to quiet title, the suit challenged the legitimacy of the deed of trust and Plaintiffs sought to enjoin the trustee's sale. Doc. 3-1 at 49-59. In December 2010, the parties entered into a settlement agreement to resolve the suit and BankUnited filed a notice of settlement. Doc. 3-1 at 85. As part of the agreement, Plaintiff was required to

dismiss the suit. When he failed to do so, BankUnited filed a motion to enforce the settlement agreement and dismiss the state court action with prejudice. Doc. 3-1 at 97-101. A hearing was held at which both parties presented oral argument on the motion to enforce the settlement agreement. Doc. 3-1 at 126. The superior court issued an order on August 6, 2012, granting BankUnited's motion to enforce the settlement agreement and dismissing Plaintiff's claims with prejudice. Doc. 3-1 at 132. BankUnited argues that the state court judgment precludes Plaintiff from bringing this action.

Federal courts must give the same preclusive effect to a state court judgment that the state would give to its own judgments. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). In Arizona, *res judicata* or claim preclusion requires that between both suits there be (1) identity of claims, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties. *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 127 P.3d 882, 887-88 (2006).

Plaintiff's suits in state and federal court satisfy all three elements. Though the two claims are not styled with identical captions (the state court suit was not an action to "quiet title"), both suits contest the enforceability of the deed of trust and employ many of the same legal theories. *See* Doc 1 at ¶¶ 16-20; Doc. 3-1 at 53-55. Different labels on claims that argue the same subject matter are not sufficiently different to avoid *res judicata*. *MacRae v. Betts*, 14 P.2d 253, 255 (1932). The state court's dismissal was not based on jurisdiction, improper venue, or failure to join, and therefore it was on the merits in satisfaction of the second element. Ariz R. Civ. P. 41(b). Finally, Plaintiff and BankUnited are parties in both actions.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 3) is **granted.** Plaintiff's complaint (Doc. 1) is **dismissed with prejudice.** The Rule 16 Case Management conference set for February 28, 2013 at 4:30 p.m. is **vacated**.

Dated this 28th day of February, 2013.

_____
David G. Campbell
United States District Judge